IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Sherrica Green., | ) |
| | ) Civil Action No. 7:23-cv-03088-JDA |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) **OF MAGISTRATE JUDGE**[1] |
| Terry Claude Smith, individually and as | ) |
| an employee/agent of Land O Sky LLC; | ) |
| Terry Claude Smith, individually and as an | ) |
| employee/agent of Ingles Markets, Inc.; | ) |
| Land O Sky LLC; and Ingles Markets Inc, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a motion to transfer venue by Plaintiff. [Doc. 19.] Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas in Spartanburg County on March 24, 2023. [Doc. 1-1.] Although the Complaint was filed in Spartanburg County, its caption named the Court of Common Pleas for Orangeburg County. [*Id.* at 2.] Also, on June 5, 2023, Plaintiff personally served the Complaint on Ingles Markets, Inc., indicating that a personal injury action was pending in Orangeburg County. [Doc. 1-2.] On June 22, 2023, Plaintiff filed a motion to transfer venue to the Court of Common Pleas in Calhoun County. [Doc. 31 ¶ 3.] On June 29, 2023, however, Defendants removed this matter to the United States District Court, District of South Carolina, Spartanburg Division, pursuant to "28 U.S.C. § 1332 and 28 U.S.C § 1441." [Doc. 1 ¶ 2.] On July 27, 2023, Plaintiff moved to transfer venue to the Orangeburg Division of the Court pursuant to Local Civil Rule 3.01(A)(1) (D.S.C.) and 28 U.S.C.

---

[1] On August 14, 2023, the parties consented to the jurisdiction of a magistrate judge for disposition of this matter [Doc. 27], and the District Judge referred to the matter to the undersigned the next day [Doc. 28].

§ 1404. [Doc. 19.] Defendants filed a motion opposing the transfer of venue on August 10, 2023. [Doc. 24.] Plaintiff filed a reply on August 24, 2023. [Doc. 31.] Accordingly, the motion is ripe for review.

## **BACKGROUND**[2]

Plaintiff alleges that on or about April 16, 2020, Defendant Terry Smith was driving a large commercial truck owned and maintained by Defendants Land O Sky, LLC., and Ingles Markets, Inc., when he disregarded a traffic signal at an intersection, failed to stop, and violently struck Plaintiff's vehicle. [Doc. 1-1 ¶¶ 1–3.] Plaintiff claims that she suffered injuries including damaged cartilage under her kneecap and a traumatic meniscus tear in her right knee and that she has incurred medical bills amounting to $14,500, with additional bills expected. [*Id*. ¶ 4.]

Plaintiff alleges she is a citizen and resident of Orangeburg County, South Carolina and that Defendants are residents of North Carolina. [*Id*. ¶¶ 6–9.] Furthermore, Plaintiff alleges the motor vehicle accident occurred in Orangeburg County, South Carolina. [*Id*. ¶ 10.] Plaintiff contends that "as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants," she was "injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur, various medical expenses, and has otherwise been damaged and injured." [*Id*. ¶ 23.] Plaintiff seeks judgment against Defendants for actual, compensatory, and exemplary or punitive damages for her personal injuries and property damages, and also seeks costs, interests and attorneys' fees. [*Id*. ¶ 27.]

---

[2] The background information is taken directly from Plaintiff's Complaint. [Doc. 1-1.]

**APPLICABLE LAW**

A civil action may, except as otherwise provided by law, be brought only in

(1)  a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)  if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(a).

Section 1404(a) of Title 28 of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  District courts have wide discretion to transfer an action under 1404(a) "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).  Section 1404(a), however, cannot be used by a defendant to defeat advantages accruing to a plaintiff who has chosen a forum which, though inconvenient to defendant, is a proper forum.  *Van Dusen*, 376 U.S. at 633–34.

3

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## **DISCUSSION**

As outlined above, Plaintiff initially filed this action in Spartanburg County, which has no nexus to the events giving rise to the claims alleged in the Complaint and is not home to any of the Defendants.  Plaintiff also indicated in the Complaint's caption and on her service documents that the action had been filed in Orangeburg County.  Plaintiff then sought to transfer venue from Spartanburg County to Calhoun County.  Before the state court could rule on the motion, however, Defendants removed the action from Spartanburg County to the Spartanburg Division of the district court.  Plaintiff now seeks to change venue to the Orangeburg Division.  While Defendants admit that the traffic accident at issue occurred in Orangeburg, Defendants contend that transfer is improper because Plaintiff selected the venue (Spartanburg County); Spartanburg County is fair to all parties and is centrally located between Defendants in Western North Carolina and Plaintiff in Orangeburg; and that Local Civil Rule 3.01 provides for venue in the Upstate region of South Carolina where Defendant Ingles does business.[3]  [Doc. 24 at 2–4.]

---

[3] Local Civil Rule 3.01(A) (D.S.C.) provides:

> Except for [exceptions not applicable here], all civil cases must be assigned to that division of the district:
>
> (1) Where any natural defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where any corporate/other organization defendant

4

Plaintiff argues that a change in venue is proper under 28 U.S.C. § 1404 and would promote judicial economy because the incident occurred in Calhoun County, South Carolina, and Plaintiff and all of the witnesses are situated in Calhoun County, which is within the United State District Court, Orangeburg Division. [Doc. 31 at 4.] The Court agrees with Plaintiff.

Initially, the Court concludes that the Orangeburg Division is a division where this case might have been brought given that no Defendants reside in South Carolina and that the accident at issue occurred in Orangeburg County.[4]  28 U.S.C. § 1391(a), (b). Additionally, "[a]s a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Trs. Of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (internal quotation marks omitted).  While Plaintiff initially filed this action in Spartanburg County, she attempted to transfer the action to Calhoun County—which is located in this Court's Orangeburg Division—prior to Defendants' filing of their removal notice.  Because a

---

does business relating to the events or omissions alleged.

(2) If none of the criterial in (A)(1) applies, then where any natural plaintiff resides or where any corporate/other organization plaintiff does business relating to the events or omissions alleged.

(3) If none of the criterial in (A)(1) or (A)(2) applies, then where any corporate/other organization defendant resides.

[4] The fact that Defendant Ingles conducts business in limited markets in South Carolina known as the Upstate Region [Doc. 24-1 ¶ 4] does not change the analysis here because Local Civil Rule 3.01 provides that civil cases should be assigned to the division "where any corporate/other organization defendant does business *relating to the events or omissions alleged*."

5

substantial part of the events giving rise to Plaintiff's claim occurred in Calhoun County, and because witnesses and Plaintiff are situated in Calhoun County, the Court finds that venue should properly be transferred to the Orangeburg Division.

    IT IS SO ORDERED.

                                        s/Jacquelyn D. Austin
                                        United States Magistrate Judge

_____
Greenville, South Carolina
September 13, 2023